IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| P.S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-924-X-BN |
| | § | |
| KRISTI NOEM, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING AS MOOT IFP MOTION, CONDITIONALLY GRANTING
MOTION TO PROCEED UNDER PSEUDONYM AND
TO SEAL, AND REGARDING SERVICE**

A *pro se* plaintiff using the pseudonym P.S. filed a complaint for declaratory and injunctive relief and petition for writ of mandamus against federal immigration officials. *See* Dkt. No. 3. P.S. also moved for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 4], for a preliminary injunction ("PI") [Dkt. No. 5], for leave to continue under the pseudonym P.S. and to seal, citing at least 8 U.S.C. § 1367 [Dkt. No. 6].

United States District Judge Brantley Starr referred this action to the undersigned United States magistrate judge for pretrial management under a standing order of reference, and Judge Starr denied the PI motion. *See* Dkt. No. 12.

P.S. also has paid the applicable filing fee and requested and received summonses from the Clerk of Court. *See* Dkt. Nos. 10 & 11.

The Court therefore DENIES AS MOOT the IFP motion [Dkt. No. 4] but CONDITIONALLY GRANTS the motion for leave to proceed under a pseudonym and to seal [Dkt. No. 6]. *Cf. Oluwaseun v. Mayorkas*, No. 3:24-cv-176-G-BT, 2025 WL 1698728 (N.D. Tex. May 22, 2025) (noting that 8 U.S.C. § 1367 "generally prohibits

the Government from disclosing 'any information which relates to an alien who is a beneficiary of an application for relief,' through the Violence Against Women Act of 1994" and granting motion to seal parts of the record under this provision of law and therefore denying an alternative request to proceed under pseudonym), *rec. accepted*, 2025 WL 1697499 (N.D. Tex. June 17, 2025).

But the Court may revisit its decision as to sealing as this case proceeds. *Cf. I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023) (District "courts should be ungenerous with their discretion to seal judicial records," as the United States Court of Appeals for the Fifth Circuit "heavily disfavor sealing information placed in the judicial record.").

And the Court further observes that, by paying the statutory filing fee, P.S. undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See generally* FED. R. CIV. P. 4 (setting forth procedures for serving various types of defendants and regarding waiver of service).

And, as to each defendant, P.S. must file with the Court, as applicable, a proof of service in accordance with Rule 4(*l*) or an executed waiver of service.

The Court further advises P.S, that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before the 90th day after the filing of this action (which was on March 23, 2026) that is not a Saturday, Sunday, or legal holiday – which will be **Monday June 22, 2026** – this case is subject to dismissal without prejudice unless P.S. shows

both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

SO ORDERED.

DATED: April 1, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE