UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| P.S., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0924-X |
| | § | |
| MARKWAYNE MULLIN,[1] et al., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff P.S.'s Renewed Emergency Motion for Preliminary Injunction. (Doc. 13). For the reasons stated below the Court **DENIES** the preliminary injunction.

P.S. is Nigerian. She alleges in her complaint that she is here as a pharmacy graduate intern. She also alleges that she is a survivor of domestic abuse seeking protection under the Violence Against Women Act (VAWA). She filed this action in this Court alleging a violation of the Administrative Procedure Act,[2] the Mandamus Act,[3] and "ultra virus action."[4] She currently has a pending I-290B request to review her denied I-485 asylum application and I-360 VAWA greencard petition.

As the Court previously explained, a preliminary injunction "preserves the

---

[1] Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."

[2] 5 U.S.C §706

[3] 28 U.S.C § 1361

[4] Doc. 3 at 4.

status quo" and "is an inappropriate vehicle for granting ultimate relief."[5]  P.S.'s renewed motion for a preliminary injunction again makes two requests.  First, she asks the Court to preliminarily enjoin the Government's application of PM-602-0194 as to her.  Second, she requests the Court order defendants to issue a decision on her pending I-290B and VAWA applications.  But her second request is the ultimate relief she seeks under the Mandamus Act—an order telling the defendants to adjudicate her pending forms.  So, the Court cannot grant this relief in a preliminary injunction.

Regarding her first request, Plaintiff has again not met her burden to warrant the extraordinary relief of a preliminary injunction.  Critically, P.S. has not identified whether the Court has jurisdiction, as the Immigration and Nationality Act strips courts of jurisdiction over discretionary actions.[6]  And, P.S. has only in a conclusive manner stated that the memo is "arbitrary, capricious, and [] unlawful."  The motion is devoid of any analysis or caselaw.  So she has not met her burden.  Accordingly, the Court **DENIES** P.S.'s amended preliminary injunction request.  P.S.'s claims otherwise remain pending.

IT IS SO ORDERED this 2nd day of April, 2026.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 12 at 1–2 (cleaned up).

[6] *See, e.g.*, *Hamza v. Mullen*, 3:25-CV-01710-X, Doc. 12 at 3–4 (Starr, J.).